**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4218**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LESLIE AARON MCKEITHAN,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, Chief District Judge.  (5:12-cr-00237-D-1)

Submitted:  March 7, 2014        Decided:  March 21, 2014

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph L. Bell, Jr., BATTS, BATTS & BELL, LLP, Rocky Mount, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leslie Aaron McKeithan appeals his 120-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). When calculating the advisory Guidelines range, the district court upwardly departed under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1), p.s., and § 5K2.21, p.s. (2012). McKeithan argues that his sentence is both procedurally and substantively unreasonable. We affirm.

We review a sentence, even a departure sentence, for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we first examine the sentence for "significant procedural error," ensuring, among other things, that the district court did not improperly calculate the advisory Guidelines range, fail to consider the 18 U.S.C. § 3553(a) factors, select a sentence based on clearly erroneous facts, or inadequately explain the chosen sentence. Id. Next, when considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id. If the sentence is within or below the Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013).

2

Pursuant to USSG § 4A1.3(a)(1), p.s., a court may upwardly depart from the Guidelines range if the court determines "that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." In addition, under USSG § 5K2.21, p.s., "[a] court may depart upward to reflect the actual seriousness of the offense based on conduct (1) . . . underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range."

We conclude that the district court did not commit procedural error in exercising its discretion to depart upward. The district court properly concluded under USSG § 4A1.3, p.s., that McKeithan's criminal history category substantially underrepresented the seriousness and violent nature of his past conduct and the likelihood that he will reoffend. Further, the district court was within its discretion to conclude that two assaults committed during the course of the charged offense were not taken into consideration by the Guidelines range and therefore warranted a departure under USSG § 5K2.21, p.s., to reflect the actual seriousness of the offense. Moreover, even if the district court did commit procedural error, we would find such error harmless because the district court made clear that

3

it would impose the same sentence as a variance.  See United States v. Grubbs, 585 F.3d 793, 804 (4th Cir. 2009).

Lastly, the district court appropriately framed its sentence with the relevant § 3553(a) factors.  A review of the record indicates that the court thoroughly examined the nature and circumstances of McKeithan's offense and his personal history and characteristics.  Highlighting McKeithan's violent criminal history and his dismal record on probation, as well as the violent offense conduct, the court determined that a substantial sentence was necessary to incapacitate, deter, and provide just punishment to McKeithan.  Based on the district court's thorough explanation of its sentence, we conclude that McKeithan's sentence is substantively reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED